UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYLER G. JESCHKE,

Plaintiff,

-against-

FIVE BELOW, INC.,

Defendant.

24-CV-8891 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Binghamton, New York, brings this *pro se* action under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that his former employer, Five Below, Inc., discriminated against him on the basis of his race. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

**DISCUSSION**

With respect to Plaintiff's claims brought under the New York State Human Rights Law ("NYSHRL"), such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purpose of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be

sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[1] *See* § 1391(c)(1), (2).

Plaintiff alleges that Defendant is headquartered in Philadelphia, Pennsylvania, and that he resides in Binghamton, Broome County, New York, and was employed in Johnson City, also in Broome County. (ECF 1 ¶¶ I, II.). Broome County is located within the Northern District of New York. *See* 28 U.S.C. § 112(a). Because Plaintiff alleges that Defendant, his former employer, discriminated against him, the events giving rise to his claims likely occurred at the store where he was employed, in Broome County. Venue for Plaintiff's NYSHRL claim under Section 1391(b)(1) and (b)(2) is therefore proper in the Northern District of New York.

Plaintiff's allegations could also be construed as arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (holding that where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint"). Under the venue provision for claims brought under Title VII, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment

---

[1] Where a defendant is a corporation, its residency is determined as follows:

[I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Under Title VII's venue provision, Section 2000e-5(f)(3), this court and every other federal district court within the State of New York are proper venues for Plaintiff's Title VII claim, based on Plaintiff's allegations that his employer is located in Broome County and therefore: (1) the allegedly discriminatory conduct occurred in the State of New York, likely in Broome County; (2) Plaintiff's employment records are located in Broome County; and (3) Plaintiff would have worked in Broome County but for the alleged discrimination.

For the reasons discussed above, venue for Plaintiff's Title VII claims is proper in all federal judicial districts in New York, including this District. Venue for Plaintiff's NYSHRL claims, however, is proper only in the Northern District of New York. Thus, although venue for Plaintiff's Title VII claims is proper here, venue for all claims asserted in this action is proper in the Northern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer to the Northern District of New York appears to be appropriate in this case. The underlying events occurred in the Northern District of New York, which is where all parties reside. It is likely that relevant documents and other sources of evidence, including witnesses, are located in the Northern District of New York. Moreover, Plaintiff's choice of forum in the Southern District is afforded less weight because Plaintiff does not reside here, and the complaint does not allege any nexus to this District. *See Iragorri*, 274 F.3d at 72.

The Northern District of New York is a proper venue for all of Plaintiff's claims. Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. A summons

shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    November 27, 2024
          New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge